

FILED
U.S. DISTRICT COURT
EASTERN DISTRICT ARKANSAS

MAY 0 7 2021

JAMES W. McCORMACK, CLERK
By: _____ CLERK
                          DEP CLERK

AO 245B (Rev. 09/19)   Judgment in a Criminal Case
Sheet 1

# UNITED STATES DISTRICT COURT

Eastern District of Arkansas

| | |
|---|---|
| UNITED STATES OF AMERICA | ) **JUDGMENT IN A CRIMINAL CASE** |
| v. | ) |
| DEREK CLIFTON | ) Case Number:  4:20-cr-00025-01 KGB |
| | ) USM Number:  33177-009 |
| | ) **NICKI NICOLO** |
| | ) Defendant's Attorney |

## THE DEFENDANT:

☑ pleaded guilty to count(s)    1s

☐ pleaded nolo contendere to count(s)
   which was accepted by the court.

☐ was found guilty on count(s)
   after a plea of not guilty.

The defendant is adjudicated guilty of these offenses:

| Title & Section | Nature of Offense | Offense Ended | Count |
|---|---|---|---|
| 18 U.S.C. § 371 | Conspiracy to Violate Anti-Kickback Statute, a Class D Felony | 7/31/2018 | 1s |

The defendant is sentenced as provided in pages 2 through   **7**   of this judgment.  The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

☐ The defendant has been found not guilty on count(s)

☑ Count(s)   All other counts in the indictment and superseding indictment   ☐ is   ☑ are dismissed on the motion of the United States.

     It is ordered that the defendant must notify the United States attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid.  If ordered to pay restitution, the defendant must notify the court and United States attorney of material changes in economic circumstances.

5/6/2021
_____
Date of Imposition of Judgment

*Kristine G. Baker*
_____
Signature of Judge

Kristine G. Baker, United States District Judge
_____
Name and Title of Judge

May 7, 2021
_____
Date

AO 245B (Rev. 09/19) Judgment in Criminal Case
Sheet 2 — Imprisonment

Judgment — Page __2__ of __7__

DEFENDANT:   DEREK CLIFTON
CASE NUMBER:   4:20-cr-00025-01 KGB

# IMPRISONMENT

The defendant is hereby committed to the custody of the Federal Bureau of Prisons to be imprisoned for a total term of:
51 months.

☑ The court makes the following recommendations to the Bureau of Prisons:
The Court recommends the defendant participate in residential substance abuse treatment, mental health counseling, and educational and vocational programs during incarceration.  If he does not qualify for residential substance abuse treatment, the Court recommends he participate in non-residential treatment.  The Court further recommends the defendant be incarcerated in the Forrest City or Texarkana facility.

☑ The defendant is remanded to the custody of the United States Marshal.

☐ The defendant shall surrender to the United States Marshal for this district:

   ☐ at _____ ☐ a.m.  ☐ p.m.   on _____ .

   ☐ as notified by the United States Marshal.

☐ The defendant shall surrender for service of sentence at the institution designated by the Bureau of Prisons:

   ☐ before 2 p.m. on _____ .

   ☐ as notified by the United States Marshal.

   ☐ as notified by the Probation or Pretrial Services Office.

# RETURN

I have executed this judgment as follows:

Defendant delivered on _____ to _____

at _____ , with a certified copy of this judgment.

_____
UNITED STATES MARSHAL

By _____
DEPUTY UNITED STATES MARSHAL

AO 245B (Rev. 09/19)   Judgment in a Criminal Case
               Sheet 3 — Supervised Release

| | Judgment—Page | 3 | of | 7 |

DEFENDANT:   DEREK CLIFTON
CASE NUMBER:   4:20-cr-00025-01 KGB

## SUPERVISED RELEASE

Upon release from imprisonment, you will be on supervised release for a term of:

  Three (3) years.

## MANDATORY CONDITIONS

1. You must not commit another federal, state or local crime.
2. You must not unlawfully possess a controlled substance.
3. You must refrain from any unlawful use of a controlled substance. You must submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter, as determined by the court.
   - ☐ The above drug testing condition is suspended, based on the court's determination that you pose a low risk of future substance abuse. *(check if applicable)*
4. ☐ You must make restitution in accordance with 18 U.S.C. §§ 3663 and 3663A or any other statute authorizing a sentence of restitution. *(check if applicable)*
5. ☑ You must cooperate in the collection of DNA as directed by the probation officer. *(check if applicable)*
6. ☐ You must comply with the requirements of the Sex Offender Registration and Notification Act (34 U.S.C. § 20901, *et seq.*) as directed by the probation officer, the Bureau of Prisons, or any state sex offender registration agency in the location where you reside, work, are a student, or were convicted of a qualifying offense. *(check if applicable)*
7. ☐ You must participate in an approved program for domestic violence. *(check if applicable)*

You must comply with the standard conditions that have been adopted by this court as well as with any other conditions on the attached page.

AO 245B (Rev. 09/19)   Judgment in a Criminal Case
                       Sheet 3A — Supervised Release

|  | Judgment—Page | 4 | of | 7 |

DEFENDANT: DEREK CLIFTON
CASE NUMBER: 4:20-cr-00025-01 KGB

# STANDARD CONDITIONS OF SUPERVISION

As part of your supervised release, you must comply with the following standard conditions of supervision. These conditions are imposed because they establish the basic expectations for your behavior while on supervision and identify the minimum tools needed by probation officers to keep informed, report to the court about, and bring about improvements in your conduct and condition.

1.  You must report to the probation office in the federal judicial district where you are authorized to reside within 72 hours of your release from imprisonment, unless the probation officer instructs you to report to a different probation office or within a different time frame.
2.  After initially reporting to the probation office, you will receive instructions from the court or the probation officer about how and when you must report to the probation officer, and you must report to the probation officer as instructed.
3.  You must not knowingly leave the federal judicial district where you are authorized to reside without first getting permission from the court or the probation officer.
4.  You must answer truthfully the questions asked by your probation officer.
5.  You must live at a place approved by the probation officer. If you plan to change where you live or anything about your living arrangements (such as the people you live with), you must notify the probation officer at least 10 days before the change. If notifying the probation officer in advance is not possible due to unanticipated circumstances, you must notify the probation officer within 72 hours of becoming aware of a change or expected change.
6.  You must allow the probation officer to visit you at any time at your home or elsewhere, and you must permit the probation officer to take any items prohibited by the conditions of your supervision that he or she observes in plain view.
7.  You must work full time (at least 30 hours per week) at a lawful type of employment, unless the probation officer excuses you from doing so. If you do not have full-time employment you must try to find full-time employment, unless the probation officer excuses you from doing so. If you plan to change where you work or anything about your work (such as your position or your job responsibilities), you must notify the probation officer at least 10 days before the change. If notifying the probation officer at least 10 days in advance is not possible due to unanticipated circumstances, you must notify the probation officer within 72 hours of becoming aware of a change or expected change.
8.  You must not communicate or interact with someone you know is engaged in criminal activity. If you know someone has been convicted of a felony, you must not knowingly communicate or interact with that person without first getting the permission of the probation officer.
9.  If you are arrested or questioned by a law enforcement officer, you must notify the probation officer within 72 hours.
10. You must not own, possess, or have access to a firearm, ammunition, destructive device, or dangerous weapon (i.e., anything that was designed, or was modified for, the specific purpose of causing bodily injury or death to another person such as nunchakus or tasers).
11. You must not act or make any agreement with a law enforcement agency to act as a confidential human source or informant without first getting the permission of the court.
12. If the probation officer determines that you pose a risk to another person (including an organization), the probation officer may require you to notify the person about the risk and you must comply with that instruction. The probation officer may contact the person and confirm that you have notified the person about the risk.
13. You must follow the instructions of the probation officer related to the conditions of supervision.

## U.S. Probation Office Use Only

A U.S. probation officer has instructed me on the conditions specified by the court and has provided me with a written copy of this judgment containing these conditions. For further information regarding these conditions, see *Overview of Probation and Supervised Release Conditions*, available at: www.uscourts.gov.

Defendant's Signature _____     Date _____

AO 245B (Rev. 09/19)   Judgment in a Criminal Case
Sheet 3D — Supervised Release

Judgment—Page ___5___ of ___7___

DEFENDANT: DEREK CLIFTON
CASE NUMBER: 4:20-cr-00025-01 KGB

## SPECIAL CONDITIONS OF SUPERVISION

The defendant must participate, under the guidance and supervision of the probation office, in a substance abuse treatment program which may include drug and alcohol testing, outpatient counseling, and residential treatment.  Further, he must abstain from the use of alcohol throughout the course of treatment.  He shall pay for the cost of treatment at the rate of $10 per session, with the total cost not to exceed $40 per month, based on ability to pay as determined by the probation office.  If he is financially unable to pay for the cost of treatment, the co-pay requirement will be waived.

The defendant must participate in a mental health assessment and then if warranted based on that assessment, he must participate, under the guidance and supervision of the probation office, in a mental health treatment program. He shall pay for the cost of treatment at the rate of $10 per session, with the total cost not to exceed $40 per month, based on ability to pay as determined by the probation office. If he is financially unable to pay for the cost of treatment, the co-pay requirement will be waived.

If the defendant is prescribed medication as a part of his mental health treatment, he must take the medications as prescribed, and he must grant the probation office permission to monitor compliance with taking the medications.

AO 245B (Rev. 09/19)   Judgment in a Criminal Case
Sheet 5 — Criminal Monetary Penalties

Judgment — Page   6   of   7

DEFENDANT: DEREK CLIFTON
CASE NUMBER: 4:20-cr-00025-01 KGB

# CRIMINAL MONETARY PENALTIES

The defendant must pay the total criminal monetary penalties under the schedule of payments on Sheet 6.

| | **Assessment** | **Restitution** | **Fine** | **AVAA Assessment*** | **JVTA Assessment**** |
|---|---|---|---|---|---|
| **TOTALS** | $ 100.00 | $ 0.00 | $ 0.00 | $ 0.00 | $ 0.00 |

☐  The determination of restitution is deferred until _____ . An *Amended Judgment in a Criminal Case (AO 245C)* will be entered after such determination.

☐  The defendant must make restitution (including community restitution) to the following payees in the amount listed below.

If the defendant makes a partial payment, each payee shall receive an approximately proportioned payment, unless specified otherwise in the priority order or percentage payment column below. However, pursuant to 18 U.S.C. § 3664(i), all nonfederal victims must be paid before the United States is paid.

| **Name of Payee** | **Total Loss**** | **Restitution Ordered** | **Priority or Percentage** |
|---|---|---|---|
| | | | |

| | | | | |
|---|---|---|---|---|
| **TOTALS** | $ | 0.00 | $ | 0.00 |

☐  Restitution amount ordered pursuant to plea agreement  $ _____

☐  The defendant must pay interest on restitution and a fine of more than $2,500, unless the restitution or fine is paid in full before the fifteenth day after the date of the judgment, pursuant to 18 U.S.C. § 3612(f). All of the payment options on Sheet 6 may be subject to penalties for delinquency and default, pursuant to 18 U.S.C. § 3612(g).

☐  The court determined that the defendant does not have the ability to pay interest and it is ordered that:

   ☐  the interest requirement is waived for the   ☐ fine   ☐ restitution.

   ☐  the interest requirement for the   ☐ fine   ☐ restitution is modified as follows:

* Amy, Vicky, and Andy Child Pornography Victim Assistance Act of 2018, Pub. L. No. 115-299.
** Justice for Victims of Trafficking Act of 2015, Pub. L. No. 114-22.
*** Findings for the total amount of losses are required under Chapters 109A, 110, 110A, and 113A of Title 18 for offenses committed on or after September 13, 1994, but before April 23, 1996.

Judgment — Page  7  of  7

DEFENDANT:  DEREK CLIFTON
CASE NUMBER:  4:20-cr-00025-01 KGB

# SCHEDULE OF PAYMENTS

Having assessed the defendant's ability to pay, payment of the total criminal monetary penalties is due as follows:

**A**  ☑  Lump sum payment of $ 100.00 _____  due immediately, balance due

        ☐  not later than _____ , or
        ☐  in accordance with  ☐ C,  ☐ D,  ☐ E, or  ☐ F below; or

**B**  ☐  Payment to begin immediately (may be combined with  ☐ C,  ☐ D, or  ☐ F below); or

**C**  ☐  Payment in equal _____ *(e.g., weekly, monthly, quarterly)* installments of $ _____ over a period of
    _____ *(e.g., months or years)*, to commence _____ *(e.g., 30 or 60 days)* after the date of this judgment; or

**D**  ☐  Payment in equal _____ *(e.g., weekly, monthly, quarterly)* installments of $ _____ over a period of
    _____ *(e.g., months or years)*, to commence _____ *(e.g., 30 or 60 days)* after release from imprisonment to a
    term of supervision; or

**E**  ☐  Payment during the term of supervised release will commence within _____ *(e.g., 30 or 60 days)* after release from
    imprisonment.  The court will set the payment plan based on an assessment of the defendant's ability to pay at that time; or

**F**  ☐  Special instructions regarding the payment of criminal monetary penalties:

Unless the court has expressly ordered otherwise, if this judgment imposes imprisonment, payment of criminal monetary penalties is due during the period of imprisonment.  All criminal monetary penalties, except those payments made through the Federal Bureau of Prisons' Inmate Financial Responsibility Program, are made to the clerk of the court.

The defendant shall receive credit for all payments previously made toward any criminal monetary penalties imposed.

☐  Joint and Several

| Case Number
Defendant and Co-Defendant Names
*(including defendant number)* | Total Amount | Joint and Several
Amount | Corresponding Payee,
if appropriate |
|---|---|---|---|
| | | | |

☐  The defendant shall pay the cost of prosecution.

☐  The defendant shall pay the following court cost(s):

☑  The defendant shall forfeit the defendant's interest in the following property to the United States:
    See Final Order of Forfeiture attached hereto.

Payments shall be applied in the following order: (1) assessment, (2) restitution principal, (3) restitution interest, (4) AVAA assessment, (5) fine principal, (6) fine interest, (7) community restitution, (8) JVTA assessment, (9) penalties, and (10) costs, including cost of prosecution and court costs.

## IN THE UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF ARKANSAS
## CENTRAL DIVISION

**UNITED STATES OF AMERICA**                                   **PLAINTIFF**

**v.**                          **CASE No. 4:20-cr-00025-01 KGB**

**DEREK CLIFTON**                                             **DEFENDANT**

**TRUIST BANK f/k/a SUNTRUST BANK**                          **PETITIONER**

### FINAL ORDER OF FOREFITURE

Before the Court is the government's unopposed motion for final order of forfeiture (Dkt.
No. 130). This is a criminal forfeiture action that is related to the prosecution of defendant Derek
Clifton. On January 12, 2021, the Court entered a preliminary order of forfeiture (Dkt. No. 112)
concerning the following properties:

A.      $12,080.53 in First Security Bank account xxxxxx1081 under the name
"Derek P. Clifton or Jill L. Clifton;"

B.      $51,430.46 in LPL Financial account xxxx0429 under the name "PTC
CUST IRA FBO DEREK P CLIFTON;"

C.      The property and residence located at 9064 Stone Canyon Drive, Alexander,
Arkansas 72002 and commonly referred to as Lot 157, Stone Hill
Subdivision, Phase VII, Saline County, Arkansas ("9064 Stone Canyon
Drive"); and

D.      A money judgment against the Mr. Clifton in the amount $680,264.01,
which represents all property constituting or derived from proceeds
traceable to the offense

(collectively "property subject to forfeiture").

1.      The preliminary order of forfeiture noted that the money judgment had already been reduced by the $12,080.53 seized from First Security Bank account xxx1081 and $51,430.46 seized from LPL Financial account xxx0429. The order provided that the money judgment would be further reduced by the net proceeds from the sale of 9064 Stone Canyon Drive. The United States reports that after the entry of the preliminary order of forfeiture, the United States and Mr. Clifton entered into an agreement under which Mr. Clifton agreed to forfeit an additional $35,931.00 from LPL Financial account xxx0429 and that those funds are now in the custody of the United States. The United States asks that the Court direct those funds to be forfeited to the United States and that Mr. Clifton receive appropriate credit against the money judgment.

2.      The United States published notice of this forfeiture and the United States's intent to dispose of this property in accordance with the law as specified in the preliminary order of forfeiture. *See Advertisement Certification Report* (Dkt. No. 130-1). The United States posted its notice on an official government website, www.forfeiture.gov, for at least 30 days, beginning on January 14, 2021, and ending on February 12, 2021. *Id.* at 1. The publication advised all third parties of their right to petition the Court for a hearing to adjudicate the validity of their alleged legal interest in the property subject to forfeiture. *See id.*

3.      In addition, the United States provided direct written notice of the forfeiture by mailing a copy of the preliminary order of forfeiture to several persons, including the following individuals and entities:

    a.      Jill Clifton;

    b.      Malvern National Bank;

    c.      MERS, Inc.; and

    d.      Truist Bank f/k/a Suntrust Bank ("Truist Bank").

2

*See Notice List*, (Dkt. No. 130-2, at 1).

4.      On February 12, 2021, Truist Bank appeared and challenged the forfeiture of 9064 Stone Canyon Drive. Truist Bank contends that on September 14, 2016, Mr. Clifton executed and delivered to Truist Bank's predecessor in interest a promissory note and mortgage memorializing indebtedness in the original principal amount of $150,000.00, secured by a first priority security interest in 9064 Stone Canyon Drive. Truist Bank is the holder of the original note and mortgage. As of March 31, 2021, the unpaid principal balance is $137,240.54, interest and fees have accrued in the amount of $3,589.00, and Truist Bank has incurred attorney's fees and costs of $6,864.00 in connection with this matter. The total amount due and owing on the note and mortgage is $147,693.54 ("Debt").

5.      On March 26, 2021, the United States and Truist Bank entered into a settlement agreement. Under the terms of the settlement, the United States agreed to pay Truist Bank from the Net Sale Proceeds of the sale of 9064 Stone Canyon Drive, the unpaid Debt outlined in paragraph 4 above (to the extent that there are sufficient proceeds after the deduction of the United States's expenses).[1]

6.      Under the terms of the settlement, Truist Bank consented to the entry of an order of forfeiture that transfers ownership of 9064 Stone Canyon Drive to the United States subject to Truist Bank's mortgage but otherwise free and clear of all other interests including any interest of Mr. Clifton, Mrs. Clifton, Malvern National Bank, and MERS, Inc. Truist Bank also agreed that the United States could take immediate possession of 9064 Stone Canyon Drive and dispose of the

---

[1] Net Sales Proceeds are defined as the gross sales proceeds the United States Marshals Service realizes from the sale of 9064 Stone Canyon Drive, less all costs of the sale, including real estate commission, escrow fees, taxes, document recording fees, and other expenses the United States Marshals Service incurs in connection with the seizure, custody, management, maintenance, repair, and sale of 9064 Stone Canyon Drive.

property according to law.

7.      The parties' agreement also recognized that, following the entry of a final order of forfeiture disposing of Truist Bank's claim to 9064 Stone Canyon Drive, Truist Bank shall retain all its rights under the mortgage upon which the bank's claim is based until the sale of the 9064 Stone Canyon Drive is closed.  However, upon closing, Truist Bank shall cease to have any interest in, any claim or right or title to, or any lien against 9064 Stone Canyon Drive.

8.      In the event the Net Sales Proceeds are not sufficient to pay Truist Bank the Debt set forth in paragraph 4, Truist Bank shall nonetheless release its lien to allow the closing of the sale of 9064 Stone Canyon Drive.  Any failure by Truist Bank to release its lien to allow the closing of the sale of the property shall be considered a material breach of the parties' agreement.

9.      The United States has agreed to use its best efforts to sell 9064 Stone Canyon Drive at a gross sales price that will yield Net Sales Proceeds sufficient to pay Truist Bank at closing the entire amount of the Debt described in paragraph 4.

10.     To date, no other third party has filed a petition, and the time for filing such petitions has expired.

11.     When all third-party petitions have been adjudicated, or if no petitions are filed, a final order of forfeiture is appropriate. *See* Fed. R. Crim. P. 32.2(c)(2).

12.     All existing third-party petitions have been resolved, and the time has expired for other individuals to assert a challenge.

13.     Now the United States moves for the entry of a final order of forfeiture, which will vest in the United States all right, title, and interest in the property listed in paragraph 2 and the additional $31,931.00 seized after the entry of the preliminary order of forfeiture.

14.     The United States also asks this Court to authorize the United States to dispose of

4

the property according to law.

15.     It is hereby ordered that the property listed in paragraph 1 is forfeited.  The United States's interest in 9064 Stone Canyon Drive is subject to Truist Bank's mortgage but otherwise free and clear of all other interests, including any interest by Mr. Clifton, Mrs. Clifton, Malvern National Bank, and MERS, Inc.  The property shall be disposed of according to law.

16.     At closing of the sale of 9064 Stone Canyon Drive, the United States shall pay out of the Net Proceeds of the Sale, to the extent that funds are available, the amount of the Debt due to Truist Bank as outlined in paragraph 4 above.  Truist Bank shall retain its rights under its mortgage until the sale of 9064 Stone Canyon Drive is closed.  Upon closing, Truist Bank shall cease to have any interest in, any claim or right or title to, or any lien against 9064 Stone Canyon Drive.

17.     In the event the Net Sales Proceeds are not sufficient to pay Truist Bank the entire amount of the Debt set forth in paragraph 4, Truist Bank shall nonetheless release its lien to allow the closing of the sale of 9064 Stone Canyon Drive.

18.     The United States shall use its best efforts to sell 9064 Stone Canyon Drive at a gross sales price that will yield Net Sales Proceeds sufficient to pay Truist Bank at closing the entire amount of the Debt described in paragraph 4.

19.     The money judgment previously imposed remains and shall continue until the remaining $644,333.01 is satisfied.  The judgment may be executed against any property owned by Mr. Clifton, except as provided by a February 22, 2021, agreement between the United States and Mr. Clifton. Under the terms of that agreement, the United States agreed not to pursue the following assets: a 2017 Ford F150 Lariat, Arkansas license plate number 352WKJ, VIN 1FTEW1EF4HKE05527;  the $48,457.00 in First Security Bank account xxx7047 as of

February 22, 2021; the 402 shares of Radius Health, Inc. contained in Fidelity account xxx3702

as February 22, 2021; and the contents of Mr. Clifton's Fidelity Workplace Services 401(k) plan

sponsored by Radius Health, Inc. as of February 4, 2021.[2]

      20.     The Court shall retain jurisdiction for purposes of enforcing the terms of this Order.

It is so ordered this 2nd day of April, 2021.

                                    *Kristine G. Baker*

                                    Kristine G. Baker
                                    United States District Judge

---

[2] Mr. Clifton represents that the assets do not represent proceeds of the scheme, and the United States says that it has no reason to believe otherwise at this time.